IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40918
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DUDLEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CR-62-8
--------------------
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

Appellant, Michael Dudley, appeals the district court's judgment revoking his probation. Finding no error, we affirm.

Contrary to Dudley's assertion that the district court considered revocation of probation mandatory pursuant to 18 U.S.C. § 3565(b), the transcript of the revocation hearing reveals that the district court was well aware that revocation was not mandatory. The district court heard substantial evidence regarding Dudley's participation in alcohol abuse and anger-management programs, but ultimately concluded, in light of

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dudley's sporadic compliance with the terms of his probation and his failure to take advantage of the opportunities afforded him, that Dudley should be imprisoned.  Although the district court did not specifically state that it considered other options, the hearing transcript shows that the district court believed that revocation was not mandatory.  For example, the court stated that "If [the court were to] revoke his probation," Dudley could complete the anger-management program.  Further, the court stated that it was "heading towards revocation" and "may very well revoke his probation" but would hear from Dudley prior to deciding.  Such statements belie Dudley's contention that the district court considered revocation mandatory.  In addition, had the court believed revocation was the only option, the presentation of testimony and argument beyond that necessary to establish Dudley's violations would have been a futile exercise.

The district court committed no error, plain or otherwise. Dudley's derivative due process argument necessarily fails.

AFFIRMED.